# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO VERDUZCO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CON AGRA FOODS PACKAGED FOODS, LLC,<br><br>　　　　　Defendant.　　　　／ | Case No. 1:18-cv-01681-ADA-SKO<br><br>ORDER DENYING PLAINTIFF'S OBJECTIONS CONSTRUED AS A MOTION FOR RECONSIDERATION OF ORDER GRANTING EX PARTE APPLICATION FOR CONTINUANCE OF SETTLEMENT CONFERENCE<br><br>(Doc. 107) |

On August 17, 2023, Defendant Con Agra Foods Packaged Foods, LLC ("Defendant") filed an ex parte application to continue the settlement conference originally set for August 24, 2023 ("the Application"). (Doc. 103.) Plaintiff Arturo Verduzco ("Plaintiff") opposed the Application. (Doc. 104.)

Upon review of the parties' submissions, the Court noted that the submissions reflected a lack of meaningful meet and confer efforts in accordance with the Court's Order re Settlement Conference issued on May 11, 2023. (Doc. 105 (citing Doc. 101).) Both parties indicated that Plaintiff submitted a demand to Defendant which failed to include a "written itemization of damages and settlement demand" as set forth in the Court's Order re Settlement Conference (Doc. 101 at 1), and Defendant did not submit an offer to Plaintiff. (*See* Doc. 103 at 3–4 ("the parties have not exchanged the required pre-settlement information . . . Plaintiff provided the amount of an initial settlement demand on August 10, 2023, but the demand did not include any of the other required information.  Defendant has not yet been able to send an offer to Plaintiff."); Doc. 104 at 2 (Plaintiff

1  has not received any reciprocal counter-demand by Defendant as required by the Court's Order re

2  Settlement Conference).)  Both parties also indicated that they could not attend the settlement

3  conference in person.  (Doc. 102; Doc. 103 at 3.)

4        On August 21, 2023, the Court issued a minute order granting the Defendant's request for a

5  continuance of the settlement conference and vacated the settlement conference set for August 24,

6  2023. (Doc. 105.)  The Court directed the parties to jointly propose dates for a continued settlement

7  conference by April 10, 2024, or 90 days before trial, whichever is later.  (*Id.*)

8        On August 22, 2023, Plaintiff filed objections to the Court's minute order granting the

9  Application and continuing the settlement conference.  (Doc. 107.)  Plaintiff raises arguments of

10 judicial bias and prejudice, and states he will not attend any mandatory settlement conference,

11 exchange dates 90 days prior to trial, or settle with Defendant out of court.  (*Id.* at 3–4.)  The Court

12 construes Plaintiff's objections as a motion for reconsideration of its minute order granting the

13 Application and continuing the settlement conference.

14       A motion for reconsideration should not be granted, absent highly unusual circumstances,

15 unless the district court is presented with (1) newly discovered evidence, (2) committed clear error,

16 or (3) if there is an intervening change in the controlling law.  *Marlyn Nutraceuticals, Inc. v. Mucos*

17 *Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  "To succeed" on a motion for

18 reconsideration, "a party must set forth facts or law of a strongly convincing nature to induce the

19 court to reverse its prior decision."  *Andrews v. Pride Indus.*, No. 2:14-cv-02154-KJM-AC, 2017

20 WL 117899, at *2 (E.D. Cal. Jan. 11, 2017) (citation omitted); *see, e.g.*, E.D. Cal. Local Rule 230(j)

21 (stating that a party seeking reconsideration must show "what new or different facts or

22 circumstances are claimed to exist which did not exist or were not shown upon such prior motion,

23 or what other grounds exist for the motion").

24       Plaintiff has failed to articulate any of the three bases necessary to succeed on a motion for

25 reconsideration.  First, Plaintiff has not shown that the Court committed clear error.  As previously

26 explained, Plaintiff submitted a demand to Defendant which failed to include a "written itemization

27 of damages and settlement demand," and Defendant did not submit an offer to Plaintiff.  (*See*

28 Doc.103 at 3–4; Doc. 104 at 2.)  Additionally, neither party was able to attend the settlement

conference in person. (*See* Doc. 102; Doc. 103 at 3.) Plaintiff's objections (Doc. 107) amount to a disagreement with the Court's order granting the Application. This is insufficient to demonstrate that the Court committed clear error. *See Andrews*, 2017 WL 117899, at *2 ("'A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . .' of that which was already considered by the Court in rendering its decision.") (quoting *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001)).

Second, Plaintiff has not shown there is an intervening change in controlling law. Instead, Plaintiff objects on grounds of bias and prejudice. (*See, e.g.,* Doc. 107 at 3 ("It seems with the California judiciary the white, and/or male attorneys can walk in and out of court leveraging the bias and prejudice of the judicial officers."); *id*. at 4 ("Since the damage by Honorable Oberto is done towards Plaintiff Arturo Verduzco, the judicial officer must see whether she intends to be biased and prejudicial at jury trial as well, or whether she can maintain her job as a judicial officer with impartiality and fairness.").) These arguments fail to articulate an intervening change in controlling law.

Finally, Plaintiff has not provided any newly discovered evidence. As noted above, Plaintiff's objections consist of a disagreement with the Court's ruling. This is inadequate to warrant relief pursuant to a motion for reconsideration. *See Andrews*, 2017 WL 117899, at *2; *see, e.g.*, *Mothershed v. Elwell*, 235 Fed. Appx. 683 (9th Cir. 2007) (finding the district court did not err in denying motions for reconsideration where the movant "contended only that he disagree[d] with the district court's interpretation of the law, and failed to show an intervening change in the controlling law or newly discovered evidence.").

In sum, Plaintiff fails to demonstrate "highly unusual circumstances" warranting reconsideration of the Court's order granting the Application and continuing the settlement conference. *See Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880. Accordingly, because Plaintiff has not demonstrated the existence of clear error and has not otherwise shown he meets the standard for

reconsideration, the motion for reconsideration of the Court's order granting the Application and continuing the settlement conference (Doc. 107) is hereby DENIED.

IT IS SO ORDERED.

Dated:   **August 25, 2023**                         /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE