UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO VERDUZCO,<br><br>    Plaintiff,<br><br>    v.<br><br>CON AGRA FOODS PACKAGED FOODS, LLC,<br><br>    Defendants. | 1:18-cv-01681-TLN-CKD<br><br>ORDER |

   Defendant's motion for a protective order related to plaintiff's deposition of defendant's corporate representative is pending before this court.[1] (ECF No. 133.) Defendant filed the motion for a protective order on March 15, 2024, and noticed it for a hearing on April 10, 2024. (ECF No. 133.) The parties filed a joint statement regarding the discovery dispute on March 27, 2024. (ECF No. 134.) On April 3, 2024, plaintiff filed an opposition to the motion for a protective order. (ECF No. 138.)

   For the reasons below, the court grants defendant's motion for a protective order.

////

---

[1] On April 4, 2024, undersigned took this matter under submission on the papers. (ECF No. 139.)

1

I.  Motion for Protective Order

A.  Legal Standard

A Rule 30(b)(6) deposition requires a corporation to designate knowledgeable persons and "to prepare them to fully and unevasively answer questions about the designated subject matter." Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co., 251 F.R.D. 534, 539 (D. Nev. 2008).  Rule 30(b)(6) "imposes reciprocal obligations on proponent and deponent: the proponent must specify which subject matters it intends to inquire into, and the deponent must take affirmative steps to learn about those topics." Preservation Techs. LLC v. MindGeek USA, Inc., 2020 WL 10965163, at *2 (C.D. Cal. Oct. 19, 2020); Memory Integrity, LLC v. Intel Corp., 308 F.R.D. 656, 660 (D. Or. 2015).  Because Rule 30(b)(6) places substantial responsibilities and burdens on corporate designees, for the rule to function effectively, a requesting party must "designate with painstaking specificity, the particular subject areas that intended to be questioned." Preservation Techs., 2020 WL 10965163, at *2.

The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense by, among other things, forbidding a deposition or limiting its scope.  Fed. R. Civ. P. 26(c)(1).  Generally, courts issue a protective order precluding the enforcement of the Rule 30(b)(6) notice as drafted without prejudice to issue a new notice with appropriately narrowed topics. Willy v. Sherwin-Williams Co., 2022 WL 1553703, at *6 (D. Or. May 17, 2022).

B.  Discussion

The deposition notice at issue contains twenty-one topics. (ECF No. 136-1.)  The first topic seeks "Any and All facts supporting CONAGRA's defenses to plaintiff's claims." (ECF No. 136-1 at 9.)  Each of the following proposed topics also begin with the open-ended phrase "Any and All." (Id.)  Courts have found that similar requests seeking "all" facts regarding defenses to be unduly burdensome as they seek information regarding "nearly every conceivable facet" of litigation and "make witness preparation a nearly impossible task." United States v. HVI Cat Canyon, Inc., 2016 WL 11683593, at *10 (C.D. Cal. Oct. 26, 2016) (noting that comprehensive requests beginning with "all" increase the degree of difficulty required to prepare a witness to

testify and much time would be "wasted in light of the limited number of hours" allowed for the deposition."); Preservation Techs., 2020 WL 10965163, at 5 ("A deposition topic lacking all metes and bounds is facially overbroad and unduly burdensome.").[2]

In analyzing the excessiveness of Rule 30(b)(6) topics, courts do not generally engage in an item-by-item analysis to allow particular topics and rule out others. Reno v. W. Cab Co., 2020 WL 5902318, at *3, n. 3 (D. Nev. Aug. 31, 2020), citing F.D.I.C. v. Wachovia Ins. Servs., Inc., 2007 WL 2460685, at *5 (D. Conn. Aug. 27, 2007). Instead, courts generally issue a protective order precluding enforcement of the notice as currently drafted without prejudice to the issuance of a new notice with appropriately narrowed topics. Id., citing Apple Inc. v. Samsung Elecs. Co., 2012 WL 1511901, at *3 (N.D. Cal. Jan. 27, 2012). Accordingly, the court finds that the operative deposition notice, as currently drafted, is excessive and improper and should be redrafted in accordance with this order. Plaintiff is ordered to redraft the current notice to comply with this order and to serve the amended notice on defendant. If defendant still objects to certain topics, the parties are required to meet and confer—in good faith—to resolve any outstanding objections and issues with the amended notice prior to filing any additional notices of discovery disputes.

II.  Sanctions

Each party has requested sanctions. (ECF No. 134 at 27, citing Rule 37(a); ECF No. 138 at 2.) Reasonable costs and attorney's fees should be imposed unless the court finds (1) the motion was filed without a good faith effort to obtain the discovery without court intervention, (2) the objection was substantially justified, or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(4)(A). The court finds the parties' respective positions were

---

[2] Plaintiff has not, in either the joint statement or in opposition, attempted to respond to the substantive arguments in support of the pending motion. (ECF No. 138.) Instead, plaintiff's arguments concern defendant's alleged failure to meet written discovery obligations, which are not the subject of the instant motion. (e.g., id. at 4, "Defendant Conagra and its attorneys failed to meet its burden of a particularized showing of good cause with respect to any individual document that defendant Conagra failed to produce;) (id. at 5, "there is no secrecy from the public at large when plaintiff Arturo Verduzco is seeking documents pertaining to his own employment at defendant Conagra.")

substantially justified and that no sanctions are required.[3]

### III. Conclusion

Accordingly, defendant's motion for a protective order is granted without prejudice to issuance of a third-amended notice of deposition. The parties' requests for sanctions are denied.

IT IS SO ORDERED.

Dated:  April 24, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21,verd.1681

---

[3] Plaintiff's filing of a "opposition," as opposed to meaningful participation in the joint statement requirement, is procedurally improper. See L.R. 251. The parties are responsible for familiarizing themselves with the local rules regarding discovery disputes. Future failures to comply with the local rules will be met with sanctions.