UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ARTURO VERDUZCO,

Plaintiff,

v.

CON AGRA FOODS PACKAGED FOODS, LLC,

Defendant.

No. 1:18-cv-01681-TLN-CKD

**ORDER**

This matter is before the Court on Plaintiff Arturo Verduzco's ("Plaintiff") Motion for Reconsideration (ECF No. 168) and Defendant Con Agra Foods Packaged Foods, LLC's ("Defendant") Motion to Strike and Supplemental Motion to Strike (ECF Nos. 175, 177). All motions are fully briefed. (ECF Nos. 172, 174, 178, 179.) For the reasons set forth below, Plaintiff's Motion for Reconsideration is DENIED, Defendant's Motion to Strike is GRANTED, and Defendant's Supplemental Motion to Strike is DENIED.

///

///

///

///

## I. Factual and Procedural Background

The instant action arose from alleged wrongful conduct relating to Plaintiff's employment with Defendant. The Court need not recite the facts of this case, as they are set forth in full in the Court's September 9, 2025 Order granting Defendant's motion for summary judgment (ECF No. 143) and denying Plaintiff's motion to amend (ECF No. 155). (*See* ECF No. 166.)

Plaintiff filed the instant motion for reconsideration[1] on September 14, 2025 (ECF No. 168), and Defendant filed its opposition on September 29, 2025 (ECF No. 172). Plaintiff filed a reply on October 12, 2025. (ECF No. 174.) Defendant moves to strike Plaintiff's reply, contending it was filed three days after the deadline under Local Rule 230(d). (ECF No. 175 at 2.) Defendant argues Plaintiff provides no justification for his failure to follow the local rules nor did he seek any leave to file a late reply. (*Id.*) In opposition, Plaintiff asserts the Court vacated the hearing date and rendered the reply optional under the local rules and Federal Rule of Civil Procedure ("Rule") 6(b)(1) provides the Court with discretion to extend filing deadlines for good cause and authorizes it to accept a filing upon a showing of excusable neglect. (ECF No. 178 at 2–5.) In reply, Defendant maintains the Court's September 30, 2025 Minute Order states Plaintiff should follow Local Rule 230(d) if he elects to file a reply and Plaintiff failed to request an extension of time or make a showing of excusable neglect. (ECF No. 179 at 2.)

The Court ultimately agrees with Defendant. The Court indeed stated in its September 30, 2025 Minute Order vacating the hearing date on Plaintiff's motion for reconsideration that "Plaintiff may still file a reply brief in accordance with Local Rule 230(d)." (ECF No. 173.) Under Local Rule 230(d), if Plaintiff wanted the Court to consider his reply, he had to file his reply "[n]o later than ten (10) days after the opposition was filed[.]" E.D. Cal. L.R. 230(d). As Defendant filed its opposition on September 29, 2025, Plaintiff's reply deadline was October 9, 2025. Plaintiff did not file his reply until October 12, 2025, making his submission untimely.

[1] Plaintiff's motion is approximately 23 pages long, in clear violation of this Court's civil standing order requiring that memoranda of points and authorities shall not exceed twenty (20) pages. Plaintiff failed to submit any request for a page limit increase in writing fourteen (14) days prior the filing of the motion. The Court would caution Plaintiff's counsel to closely read its standing order in the future, but his counsel has been disbarred. The Court nevertheless considers Plaintiff's motion.

Plaintiff's counsel failed to seek an extension from the Court to file a late reply. *See* E.D. Cal. L.R. 144(d). Nor has Plaintiff made any showing of excusable neglect under Rule 6(b)(1)(B). (*See* ECF No. 178.)

Finally, the Court notes that Plaintiff cites to the case *Hoffman v. Constr. Protective Servs., Inc.*, No. 1:07-cv-01730-AWI-GSA, 2009 WL 1748753, at *2 (E.D. Cal. June 19, 2009) for this quote: "When the hearing date was vacated, the reply brief deadline became moot; therefore, no violation of Rule 230 occurred." (ECF No. 178 at 6.) The Court's search of this docket, Westlaw citation, and quoted language does not produce what Plaintiff cites. The case number is a habeas corpus case, *Hernandez v. Sisto*, which was closed on August 15, 2008. The Westlaw cite is a vehicular negligence action from Ohio. A case entitled *Hoffman v. Constr. Protective Servs., Inc.* exists in the Central District of California and had no docket entry on June 19, 2009. The Court find this miscite egregious and agrees with Defendant that "Plaintiff has *at best* botched the citation beyond recognition or *at worst* fabricated the referenced material" and "may have also used AI to draft the brief, without screening for hallucinations." (ECF No. 179 at 3 (emphasis in original).)

Accordingly, the Court GRANTS Defendant's motion to strike and declines to consider Plaintiff's late-filed reply. (ECF No. 175.) Defendant also filed a supplemental motion to strike specific misstatements in Plaintiff's reply as false and misleading, which the Court DENIES as moot. (ECF No. 177.)

## II. STANDARD OF LAW

The Court may grant reconsideration under either Rule 59(e) or 60(b). *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of judgment. *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016). "Otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order." *Am. Ironworks & Erectors, Inc.*, 248 F.3d at 899. "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual

circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Here, Plaintiff's motion was filed within 28 days of entry of judgment and is therefore considered a motion to alter or amend judgment under Rule 59(e). (ECF No. 168.)

Rule 59(e) does not list specific grounds for a motion to amend or alter, and therefore the district court enjoys considerable discretion in granting or denying the motion. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). Nevertheless, a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell*, 197 F.3d at 1255 (citation omitted) (emphasis in original). Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.* (*Marlyn*), 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted) (emphasis in original).

## III. ANALYSIS

Plaintiff argues reconsideration is warranted because the Court's ruling rests on manifest errors of law and fact. (ECF No. 168 at 7–8.) According to Plaintiff, the Court erred in deeming his retaliation claim abandoned, the Court misapplied standards governing discrimination and accommodation claims, the Court erred in denying Plaintiff's motion to amend, and the Court's clerical errors further justify reconsideration. (*Id.* at 14–28.) The Court will address each of these issues in turn.

### A. Plaintiff's Retaliation Claim

Plaintiff argues the Ninth Circuit prohibits granting summary judgment on procedural grounds, including deficient briefing. (*Id.* at 14–16.) Plaintiff further argues he did not abandon his retaliation claim but instead presented evidence the Court failed to consider. (*Id.*) In opposition, Defendant contends the Court deemed facts Plaintiff did not respond to as undisputed

and found summary judgment warranted as to the retaliation claim based on the facts presented. (ECF No. 172 at 7–8.)

On reconsideration, Plaintiff is correct the Court committed clear error by improperly granting summary judgment on this claim on the basis of his failure to raise it in opposition to Defendant's motion for summary judgment. The cases the Court cited in its prior Order did not incorporate the adoption of the 2010 amendments to Rule 56, under which the Rule now provides:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). The amended Rule 56 therefore "requires district courts to assess whether 'the motion and supporting materials' entitle the movant to summary judgment." *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013) (quoting Fed. R. Civ. P. 56(e)). The Court failed to assess whether Defendant's motion and supporting materials entitled it to summary judgment. The Court accordingly reanalyzes Plaintiff's retaliation claim using the correct standard.

As the Court previously noted, Defendant argued Plaintiff's retaliation claim fails because Plaintiff's transfer to the Juice Topper Position was part of the reasonable accommodation process and had nothing to do with retaliation. (ECF No. 144 at 22.) Defendant further argued there is no causal link between Plaintiff's complaints of harassment and the transfer to the Juice Topper position, or alternatively, Defendant has asserted a legitimate, nonretaliatory reason for the transfer. (*Id.* at 23.) Plaintiff failed to address Defendant's arguments or the retaliation claim in his opposition. (*See* ECF No. 146.)

A plaintiff opposing a motion for summary judgment on retaliation claims under Title VII and the California Fair Employment and Housing Act ("FEHA") may use the *McDonnell*

*Douglas v. Green*, 411 U.S. 792 (1973) three-stage burden-shifting framework. *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1124 (9th Cir. 2004) (setting out the standard for Title VII); *Moore v. Regents of Univ. of Cal.*, 248 Cal. App. 4th 216, 244 (2016) (setting out the standard for FEHA). To plead a prima facie case of retaliation, a plaintiff must point to sufficient evidence to permit a reasonable factfinder to conclude that: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there was a causal link between his activity and the employment decision. *McGinest*, 360 F.3d at 1124; *Moore*, 248 Cal. App. 4th at 244. An adverse employment action is one that is "based on a retaliatory motive and is reasonably likely to deter the [plaintiff] or others from engaging in protected activity." *U.S. E.E.O.C. v. Placer ARC*, 114 F. Supp. 3d 1048, 1060 (E.D. Cal. 2015) (quoting *Ray v. Henderson*, 217 F.3d 1234, 1242–43 (9th Cir. 2000)).

Once a prima facie case is established, the burden of production shifts to the employer to present a legitimate, non-retaliatory reason for the adverse employment action. *McGinest*, 360 F.3d at 1124; *Loggins v. Kaiser Permanente Int'l*, 151 Cal. App. 4th 1102, 1112 (2007). If the employer carries this burden, to defeat summary judgment the plaintiff must demonstrate a genuine issue of material fact as to whether the reason advanced by the employer is pretext for retaliation. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000), *superseded by statute on other grounds as stated in Jackson v. Pepperdine Univ.*, No. B296411, 2020 WL 5200946 (Cal. Ct. App. Sept. 1, 2020); *see Loggins*, 151 Cal. App. 4th at 1112. The Court will evaluate each of these three steps in turn.

*i. Establishment of a Prima Facie Case*

Plaintiff contends there is specific evidence that he engaged in protected activity and thereafter suffered adverse employment actions. (ECF No. 168 at 15.) With respect to the first element, it is undisputed Plaintiff engaged in a protected activity by filing a grievance with his Union challenging the delay in his Mechanic training, which culminated in an arbitration hearing in May 2018. (*See generally* ECF No. 145, Def.'s Statement of Undisputed Facts ("DSUF") ¶¶ 81, 87, 88, 104.) It is also undisputed Plaintiff filed a Department of Fair Employment and Housing ("DFEH") charge alleging sex and gender discrimination on July 6, 2018, while he was

being trained as a Mechanic.[2] (*Id.* ¶ 104.) With respect to the second element, it is undisputed that Plaintiff was disqualified from Mechanic training on July 18, 2018, and was subsequently assigned to work in his previous position as a Bean Cook and then as a Maintenance Helper, Topping Juice Helper. (*See generally id.* ¶¶ 81, 87, 88, 91–102, 103, 107–109, 139, 140.) With respect to the third element, only about two months elapsed between the arbitration hearing on Plaintiff's grievance and his disqualification from Mechanic training. (*See id.*) This circumstantial evidence supports an inference of causation. *See Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) ("Causation sufficient to establish the third element of the prima facie case may be inferred from circumstantial evidence, such as . . . the proximity in time between the protected action and the allegedly retaliatory employment decision.").

Based on the foregoing, the inference of retaliation is as follows: because Plaintiff engaged in a protected activity by filing a grievance with his Union and filing a DFEH charge (and also making complaints on inadequate QA Supervisor training), Defendant retaliated against him by disqualifying him from the Mechanic position. The undisputed facts establish a prima facie case of retaliation, and the burden of production shifts to Defendant to articulate a legitimate, non-retaliatory reason for Plaintiff's disqualification from the Mechanic position. *See McGinest*, 360 F.3d at 1124; *Loggins*, 151 Cal. App. 4th at 1112–13.

*ii. Defendant's Legitimate, Non-Retaliatory Reason*

With respect to Plaintiff's transfer to Topping Juice Helper, Defendant argued Plaintiff's placement in the Topping Juice Helper position was part of the reasonable accommodation process, as he was physically not able to continue performing his bid position at that time as a Maintenance Helper and was not eligible under the CBA to displace the full-time Bean Cooks. (ECF No. 83-1 at 24–25.) Defendant further argued there was no causal link between Plaintiff's complaints and his transfer to Topping Juice Helper. (*Id.* at 25.) It is undisputed that Plaintiff submitted medical documentation to Defendant in or around July 2019 that he could not lift more

---

[2] The Court notes Plaintiff also made complaints to Defendant's employees regarding inadequate quality assurance ("QA") Supervisor training and discriminatory treatment in 2015. (DSUF ¶¶ 48–56.)

than 50 pounds due to his medical conditions, which meant he was unable to perform his former bid position as a Maintenance Helper. (DSUF ¶¶ 133, 134.) Plaintiff no longer held a full-time bid position as Bean Cook and therefore was only eligible to fill that position if full-time bid holders were not available and Plaintiff had more seniority than other eligible and interested replacements. (*Id.* ¶ 135.) During that time, there were no openings the CBA permitted Plaintiff to fill as a Bean Cook, and Plaintiff continued to work as a Can Run Attendant through July 2019. (*Id.* ¶ 136.) Plaintiff was assigned to the Topping Juice Helper position in August 2019, "due to [Defendant's] staffing needs and pursuant to the CBA." (*Id.* ¶ 139.)

With respect to Plaintiff's disqualification from Mechanic training, it is undisputed that Plaintiff received multiple evaluations about his performance in training, which began on June 20, 2018. (*See id.* ¶¶ 92–100.) Plaintiff received a Probationary Job Training Evaluation from Trainer Charles Poireer for the week of June 11, 2018 to June 15, 2018, in which Poireer described Plaintiff as someone who "lacks basic mechanical experience," and gave Plaintiff a score of 2/5 on various evaluation categories, including "Safety Performance," "Knowledge of Equipment," and "Knowledge of Product Flow/System." (*Id.* ¶¶ 92–93.) Plaintiff received a Probationary Job Training Evaluation from Trainer Chuck Tombe for the week of June 18, 2018 to June 22, 2018, in which Tombe described Plaintiff as someone who "doesn't communicate" and "lacks basic mechanical experience," and gave him a score of 2/5 on various evaluation categories, including "Reliability," "Safety Performance," and "Knowledge of Equipment." (*Id.* ¶¶ 94–95.) Plaintiff received a Probationary Job Training Evaluation from Trainer Kevin Kieffaber for the week of June 25, 2018 to June 29, 2018, in which Kieffaber described Plaintiff as someone who does "not [have] much participation," and gave Plaintiff a score of 2/5 on various evaluation categories, including "Safety Performance" and "Attitude." (*Id.* ¶¶ 96–97.) Plaintiff finally received a Probationary Job Training Evaluation from Trainer Joel Macias for the week of July 9, 2018 to July 16, 2018. (*Id.* ¶ 98.) Macias was assigned to train Plaintiff because he was qualified to train and spoke Spanish, and Defendant wanted to ensure any potential language barriers were not the reason for his inability to train as a Mechanic. (*Id.* ¶ 99.) Macias ultimately noted the following about Plaintiff: "not self-motivated"; "inability to follow

direction"; "no knowledge of basic mechanical components"; and "no drive, mechanical skill or knowledge." (*Id.* ¶ 100.) Macias gave Plaintiff a score of 1/5 on various evaluation categories, including "Reliability" and "Safety Performance." (*Id.*) Defendant provided Mechanic training for the maximum period of time allowed under the CBA. (*Id.* ¶ 101.) Based on this performance, Defendant ultimately disqualified Plaintiff from the position on July 18, 2018 for the following reasons: "Poor performance reviews by his peers. Lacks basic mechanical aptitude. Little to no initiative or involvement." (*Id.* ¶ 102.)

Defendant has clearly articulated its non-retaliatory reason of putting Plaintiff in the Topping Juice Helper position — it was a part of the reasonable accommodation process. The undisputed facts also show that Defendant had a non-retaliatory reason to disqualify Plaintiff from Mechanic training — he received poor performance reviews, did not have mechanical aptitude, and had little initiative. The Court at this juncture does not "make a credibility determination on [Defendant's] evidence . . . even if it has reason to disbelieve that evidence," but merely determines Defendant has adequately presented a legitimate non-discriminatory reason for the actions. *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 742 (9th Cir. 2004). Thus, the burden shifts back to Plaintiff to demonstrate a genuine issue of material fact as to whether these reasons advanced by Defendant are merely pretext for retaliation. *Brooks*, 229 F.3d at 928; *Loggins*, 151 Cal. App. 4th at 1112.

*iii. Plaintiff's Showing of Pretext*

If an employer sets forth a legitimate, non-retaliatory explanation for its actions, a plaintiff must then raise a genuine dispute of material fact as to whether the proffered reasons are pretextual. *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1168 (9th Cir. 2007). "A retaliation plaintiff is required to produce 'very little' direct evidence of the employer's discriminatory intent to move past summary judgment." *Kaiser v. Trace*, 72 F. Supp. 3d 1126, 1137 (D. Id. 2014) (quoting *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1128 (9th Cir. 2000)). Unfortunately, Plaintiff fails to meet even this low bar. In his opposition to Defendant's summary judgment and in the instant motion, Plaintiff sets forth no reasons or evidence or even substantive argument as to whether Defendant's non-retaliatory reasons are pretextual. (*See* ECF Nos. 146,

168.)

Viewing the remainder of the facts in the light most favorable to Plaintiff and drawing all reasonable inferences in his favor, the Court finds there is no genuine dispute of material fact as to Plaintiff's retaliation claim. *See Anderson*, 477 U.S. at 255. While the undisputed facts support a prima facie case of retaliation, Defendant proffers sufficient, non-retaliatory explanations for Plaintiff's disqualification from Mechanic training and his job transfer into the Topping Juice Helper position. Plaintiff sets forth no evidence from which a neutral factfinder could find these explanations are pretextual. Accordingly, Plaintiff's retaliation claim fails as a matter of law. As the Court's conclusion on this claim was proper, granting summary judgment as to this claim was not clear error.

B. Plaintiff's Discrimination and Accommodation Claims

Plaintiff argues the Court improperly resolved factual disputes regarding Plaintiff's gender discrimination claim and erroneously held he failed to demonstrate pretext, as he sufficiently alleged other employees outside his protected class were trained without comparable delays and that his own training was halted based on subjective performance assessments rather than objective measures. (ECF No. 168 at 17–18.) In opposition, Defendant contends Plaintiff simply disagrees with the Court's analysis and conclusion with respect to these claims, as the Court weighed the evidence before it and applied the correct standards governing those claims. (ECF No. 172 at 6.)

The Court properly weighed the evidence before it with respect to both claims and applied the correct legal standards. With respect to the discrimination claim, the Court considered undisputed evidence that demonstrated Plaintiff received training for the QA Supervisor Temp position, any delays in his training were caused by his own career choices combined with business decisions outside Defendant's control, and Plaintiff's performance during training indicated he was not likely to become qualified for the position at the training's conclusion. (ECF No. 166 at 11.) Plaintiff fails to cite any evidence in the instant motion and in his opposition to Defendant's motion for summary judgment to suggest there is a dispute of material fact as to whether he was subjected to an adverse employment action. In the instant motion, Plaintiff baldly

states he offered evidence of multiple adverse employment actions, but provides zero citations. (ECF No. 168 at 17–18.) In his opposition to Defendant's motion for summary judgment, Plaintiff pointed to allegations in his Second Amended Complaint ("SAC") (ECF No. 146 at 2, 5), Plaintiff's deposition (*id.* at 3, 5), and handwritten notes produced during his deposition (*id.* at 3). With respect to his deposition and handwritten notes, other than reproducing the handwritten notes in bulk as Exhibit A, Plaintiff failed to cite to any piece of evidence in the record. It is not the Court's job to sift through voluminous exhibits and find evidence that creates a genuine dispute of material fact. *Cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Finally, Plaintiff cannot defeat summary judgment by pointing to his allegations in the SAC. Plaintiff must go beyond the pleadings and cite to evidence setting forth specific facts establishing a genuine issue of material fact to be resolved at trial. *See Far Out Productions, Inc. v. Oskar*, 997 (9th Cir. 2001) ("Instead, the non-moving party must go beyond the pleadings and by its own evidence 'set forth specific facts showing that there is a genuine issue for trial.'" (citation omitted)); *Hernandez v. Spacelabs Medical Inc.*, 343 F.3d 1107, 1116 (9th Cir. 2003) ("Hernandez's conclusory allegations, unsupported by facts, are insufficient to survive a motion for summary judgment.").

With respect to the accommodation claim, the Court considered undisputed evidence that Defendant provided accommodations for Plaintiff's known limitations for years. (ECF No. 166 at 12.) Further, Plaintiff similarly fails to cite any evidence in the instant motion and in his opposition to Defendant's motion for summary judgment to suggest there is a dispute of material fact as to whether his employer failed to reasonably accommodate his disability and whether Defendant engaged in the interactive process. In the instant motion, Plaintiff states he presented evidence he was restricted by a qualified medical evaluation ("QME") in September 2018 and Defendant denied his request to remain in his Cook position and instead reassigned him to roles that exacerbated his limitations. (ECF No. 168 at 18–19.) Plaintiff also states he presented evidence that Defendant failed to respond adequately to his requests for reassignment and leave accommodations during 2023, 2024, and 2025. (*Id.* at 19.) Again, Plaintiff fails to provide any citation to evidence. (*Id.*) In his opposition to Defendant's motion for summary judgment,

Plaintiff cited to a QME in connection with various workers' compensation claims he filed against Defendant. (ECF No. 146 at 4.) Plaintiff also noted he admitted under oath during his three depositions that Defendant did not engage in the interactive process. (ECF No. 146 at 4.) However, Plaintiff failed to cite to any evidence in the record for these propositions. Plaintiff also failed to explain why the QME suggests that Defendant failed to reasonably accommodate his disability.

Based on the foregoing, the Court did not commit clear error when it concluded there were no genuine issues as to any material facts with respect to Plaintiff's claims for gender discrimination, failure to accommodate, and engage in the interactive process, and that these claims failed as matter of law.

C. Plaintiff's Motion to Amend

Plaintiff argues the Court misapplied Rule 16 more rigidly than what the standard requires and ignored his diligence in raising new claims arising after the SAC, that Rule 15's liberal standard strongly favors amendment, the Court improperly relied on the pending summary judgment motion to deny amendment, and Plaintiff's retention of new counsel supports amendment. (ECF No. 168 at 20–24.) In opposition, Defendant maintains the Court issued a well-reasoned order as to why Plaintiff should not be granted leave to further amend — namely, that his motion did not meet the standards of Rule 15 or 16 and the Court found Plaintiff was not diligent. (ECF No. 172 at 9.)

The Court agrees with Defendant that Plaintiff's instant motion attempts to relitigate an outcome that Plaintiff does not like. (ECF No. 172 at 9.) As stated in prior Order, to seek amendment under Rule 16, a plaintiff must show good cause for not having amended the complaint before the time specified in the scheduling order, which primarily considers the diligence of the party seeking amendment. (ECF No. 166 at 5 (citing *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).) Plaintiff maintains he sought amendment to add claims based on events in the years 2023 and 2024, where the events occurred as early as May 2023, with the latest occurring in July 2024. (ECF No. 168 at 21.) However, Plaintiff still fails to explain to the Court why he waited until November 13, 2024, to file his motion to amend based

on these events — more than seven weeks after Defendant moved for summary judgment. Plaintiff also misleadingly states that discovery had already been reopened at the time of the summary judgment motion, when discovery closed on August 7, 2023. (ECF No. 99.) In light of the foregoing, namely that Plaintiff filed the SAC on June 28, 2021, the parties agreed to modify the scheduling order on several occasions, and Plaintiff made no attempt to amend until November 13, 2024, the Court continues to believe this shows a lack of diligence.

The Court did not have to consider Plaintiff's leave to amend under Rule 15[3] and declines to reconsider the issue on that basis at this juncture. Finally, the Court properly rejected Plaintiff's claim that the then-recent retention of counsel warranted leave to amend, as Plaintiff does not dispute that his counsel appeared in the case in February 2023 (six months before fact discovery closed in August 2023), but Plaintiff made no attempt to amend the pleadings until he filed the motion to amend on November 13, 2024.

Based on the foregoing, the Court did not commit clear error when it denied Plaintiff's motion to amend.

D. <u>Clerical Errors</u>

Plaintiff argues the Court's clerical errors are material to this case because they mischaracterize his claims, misstate the procedural posture, and risk confusion in any appellate review. (ECF No. 168 at 24.) Specifically, Plaintiff cites to three apparent errors: (1) mislabeling the disposition of the retaliation claim as a "motion to dismiss"; (2) misidentification of Plaintiff's VII cause of action as "relation" rather than retaliation; and (3) internal inconsistencies regarding job titles and accommodations. (*Id.* at 24–28.)

The Court agrees with Defendant's contentions in its opposition. (ECF No. 172 at 10–11.) With respect to the first issue, it is clear from the Order the Court did not apply a motion to dismiss standard when ruling on Defendant's summary judgment motion. (ECF No. 166 at 7–8,

---

[3] The Court did not have to consider Plaintiff's motion to amend under Rule 15 because the Court issued an Initial Pretrial Scheduling Order. When the Court issues a scheduling order that establishes a timetable to amend the complaint, Rule 16 — not Rule 15 — governs any amendments to the complaint. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

13.) It is clear from the Court's analysis on the retaliation claim, where this small typo appears, that the Court was referring to Defendant's request to dismiss the retaliation claim on summary judgment. (*Id.* at 13.) With respect to the second issue, the minor typo in a footnote inadvertently using "relation" versus "retaliation" is inconsequential, as the Court properly refers to Plaintiff's retaliation claim consistently throughout the body of the Order. (*Id.* at 4 n.1.) With respect to the third issue, using similar but not identical job titles through the Order ultimately had no material impact on the Court's analysis.

Based on the foregoing, the Court did not commit clear error based on these minor clerical errors.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Reconsideration (ECF No. 168), GRANTS Defendant's Motion to Strike (ECF No. 175), and DENIES as moot Defendant's Supplemental Motion to Strike (ECF No. 177).

IT IS SO ORDERED.

DATE: September 28, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE